Filed 5/15/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B298642 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA042241) |
| v. | |
| DAVID SHAWN SMITH, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert Perry, Judge. Reversed and remanded, with instructions.

Emry J. Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Acting Senior Assistant Attorney General, David E. Madeo, Deputy Attorney General, Idan Ivri, Acting Supervising Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant and appellant David Shawn Smith appeals
from a postjudgment order denying his petition for
resentencing pursuant to Penal Code section 1170.95[1] and
Senate Bill No. 1437 (Senate Bill 1437). As relevant here,
the statute and Senate bill provide for vacatur of a
defendant's murder conviction and resentencing if the
defendant was convicted of felony murder and the defendant
(1) was not the actual killer, (2) did not act with the intent to
kill, and (3) was not a major participant who acted with
reckless indifference to human life. (§ 189, subd. (e)(3).)

Smith contends the trial court erred by summarily
denying his petition on the merits and on the basis that
Senate Bill 1437 unconstitutionally amends section 190, and
by failing to appoint counsel prior to determining his
eligibility for resentencing.[2]

The People agree that section 1170.95 and Senate Bill
1437 do not unconstitutionally amend section 190, but argue

_____

[1] All further statutory references are to the Penal Code
unless otherwise indicated.

[2] Smith also contends that the trial court was required
to issue an order to show cause and conduct a hearing on the
matter. The court has no duty to do so prior to appointment
of counsel and briefing, and Smith does not argue otherwise.
As we are remanding for appointment of counsel and
briefing, the issue is premature and we decline to address it
here.

2

that the trial court's ruling should be affirmed because in 1994 the jury found true the special circumstance that the murder was committed during the commission of a robbery (§ 190.2, subd. (a)(17)), a finding which we affirmed on direct appeal in 1996.

We reverse and remand to the trial court. We agree with the parties that section 1170.95 and Senate Bill 1437 do not unconstitutionally amend section 190. We further conclude that Smith should have been appointed counsel before the trial court ruled on his petition.

## FACTS AND PROCEDURAL HISTORY

### *Murder Conviction*

In 1994, Smith was convicted of first degree murder (§ 187, subd. (a) [count 1]) under a felony murder theory of liability. The jury found true the special circumstance that the murder was committed during the commission of a robbery pursuant to section 190.2, subdivision (a)(17). Smith was additionally convicted of two counts of kidnapping (§ 209; [counts 2 & 3]), two counts of burglary (§ 459; [counts 4 & 5]), one count of residential robbery (§ 211; [count 7]), and three counts of rape (§§ 261, subd. (a)(2), 264.1, 289; [counts 8–10]). He was sentenced to life in state prison without the possibility of parole, plus sixteen years.[3]

---

[3] Smith's offenses, carried out with his co-defendants Anthony D. Jefferson and Reginald Ray York, as recited in

3

## *Appeal*

Smith appealed, contending, as pertinent here, that there was insufficient evidence that he acted with "reckless indifference to human life," as required to support the jury's robbery murder special circumstance finding, and that the trial court gave an erroneous instruction regarding "reckless indifference." (*York, supra*, B088372, at pp. 12–13.) This court concluded that the jury's robbery-murder special circumstance finding was supported because substantial evidence was presented to demonstrate that Smith acted with "reckless indifference to human life," i.e. that he had "a subjective appreciation or knowledge . . . [that his] acts involved a grave risk that such acts could result in the death of an innocent human being." (*Id.* at p. 12.) We also held that there was no error in the instruction given to the jury regarding reckless indifference (CALJIC No. 8.80.1). (*Id.* at p. 13.)

## *Section 1170.95 Petition for Resentencing*

### **Petition for Resentencing**

On January 25, 2019, Smith petitioned for resentencing under section 1170.95. He declared that he

---

our unpublished opinion, *People v. York et al.* (Jan. 16, 1996, B088372) (*York*), are described in the trial court's ruling, *post*.

4

met all of the requirements for section 1170.95 and was eligible for relief. Smith further declared that he was not a "major participant" in the murder and did not act with "reckless indifference." Smith requested that counsel be appointed to him.

### Trial Court's Ruling

The trial court denied the petition on February 19, 2019. The trial court's written ruling discussed the reasons for denial as follows:

"On April 25, 1991, Otis Ervin robbed an armored car of $500,000. Six weeks later, Defendant David Shawn Smith joined with two other men to rob Ervin of his ill-gotten gains. The intended robbery spiraled into a major crime spree which included rape in concert, rape by a foreign object in concert, burglaries, residential robberies, kidnappings and murder.

"Defendant Smith was convicted by jury and was sentenced to life without parole plus 16 years. His conviction was affirmed by the Court of Appeal in 1996 in an unpublished opinion. (*People v. Reginald Ray York, et al.*, (January 16, 1996), ___ Cal.App.3d ___ (*York*) [nonpub. opn.])

"The Court of Appeal opinion described the crimes committed by Petitioner and his co-conspirators.

"In this case, substantial evidence of reckless indifference to human life exists. York and Jefferson

kidnapped the Howard sisters at gunpoint from the parking lot where they worked. They handcuffed the two sisters and threatened repeatedly to kill them. They informed the sisters that they knew where they and their family lived and had been observing the family. They were joined by Smith and drove the sisters around for hours. They burglarized Reginald Ervin's apartment.

"At the Perry residence, they held the entire Perry household, including four small children, at gunpoint, while they ransacked the house. They kicked, slapped, and beat Reginald Ervin. They threatened to torture and kill the family. They raped Yolanda, while continuing to hold her family at gunpoint.

"It is apparent defendants knew that their acts involved a grave risk of the death of an innocent human being. They held two young women at gunpoint and in handcuffs for hours, they held a family, including young children, at gunpoint while they ransacked the residence and raped a sister. They threatened to torture and kill the young women and the family. When Reginald Ervin attempted to break free to get a gun to protect his family, defendants shot and killed him.' (*People v. Reginald Ray York, el al., Id.*, pp. 12, 13.)

"In his petition, Smith claims he was not the actual killer and he did not act with the intent to kill. He also claims he was not a major participant in the felony and did not act with reckless indifference to human life in this matter. The Court of Appeal found otherwise.

"The jury was instructed that in order to find the felony-murder special circumstance to be true, it must find that defendants were major participants in the underlying felonies and acted with reckless indifference to human life. (CALJIC No. 8.80.1.) 'Reckless indifference to human life' refers to a mental state which includes subjective appreciation or knowledge by a defendant that the defendant's acts involved a grave risk that such acts could result in the death of an innocent human being.

(*People v. Reginald Ray York, et al., Id.*)

"The Court also observed that 'substantial evidence of reckless indifference to human life' existed for each of the defendants and it was 'apparent defendants knew that their acts involved a grave risk of the death of a human being.' (*Id.*)

"Smith was a major participant in the events and acted with obvious reckless indifference to human life during the course of the many major crimes, including murder, committed in this case. He is not eligible for sentencing relief pursuant to Penal Code § 1170.95. See Penal Code §§ 189(e)(1) and 1170.95(a)(3).

"As a second and independent ground for denying Smith's petition for resentencing, the court finds SB 1437 and Penal Code § 1170.95 violate the California Constitution because the Legislature unconstitutionally amended Penal Code § 190 which was passed by referendum in 1978 by Proposition 7 and may not be amended or repealed unless by vote of the People.

7

"The petition for resentencing is denied."

## DISCUSSION

On appeal, Smith argues that section 1170.95 and Senate Bill 1437 do not unconstitutionally amend section 190, and that he was entitled to appointment of counsel prior to the trial court making any determination as to whether a prima facie case for relief exists. He further contends that the jury's 1994 robbery murder special circumstance finding does not bar him from relief, as the People argue.

The People concede, and we agree, that section 1170.95 does not unconstitutionally amend section 190. Although we disagree with Smith's characterization of the petitioning process, and specifically, the point at which entitlement to counsel attaches, we conclude that Smith, in the words of section 1170.95, subdivision (c), "made a prima facie showing that [he] falls within the provisions of th[at] section," and was therefore entitled to appointment of counsel and an opportunity for briefing.[4]

---

[4] Contrary to Smith's position that appointment of counsel requires no prima facie showing whatsoever, we have previously held that a petitioner is entitled to counsel only after he has made a prima facie showing that he falls within the statute's provisions. (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1178 (*Torres*)) However, because Smith has made a prima facie showing that he falls within section 1170.95's provisions, he is nonetheless entitled to appointment of counsel.

8

*Constitutionality*

The trial court denied Smith's petition because Senate Bill 1437 unconstitutionally amended section 190, which was passed by referendum in 1978 through Proposition 7, and cannot be amended or repealed except by the people's vote. The People concede, and we agree, that this was error. Three of our sister courts have held that Senate Bill 1437 does not directly modify or amend the statutory changes effected by Proposition 7 or amend the voter's intent in passing Proposition 7. (*People v. Bucio* (Apr. 27, 2020, B299688) ___ Cal.App.5th ___ [2020 WL 1983347, p. 2]; *People v. Solis* (2020) 46 Cal.App.5th 762, 774–780; *People v. Cruz* (2020) 46 Cal.App.5th 740,753–759; *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270, 280–284; *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 250–251.) We agree with the results reached in these cases, and as the parties are also in agreement that Senate Bill 1437 does not unconstitutionally amend section 190, we do not address the issue further here.

### Merits and Appointment of Counsel

Through section 1170.95, Senate Bill 1437 created a petitioning process by which a defendant convicted of murder under a felony murder theory of liability could petition to have his conviction vacated and be resentenced. Section 1170.95 initially requires a court to determine

whether a petitioner has made a prima facie showing that he or she falls within the provisions of the statute as set forth in subdivision (a), including that "(1) [a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[,] [¶] (2) [t]he petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[, and] [¶] (3) [t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."  (See § 1170.95, subd. (c); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 327, review granted Mar. 18, 2020, S260493 (*Verdugo*).)  If it is clear from the record of conviction that the petitioner cannot establish eligibility as a matter of law, the trial court may deny the petition.[5]  (*Id.* at p. 330.)  If, however, a determination of eligibility requires an assessment of the

_____

[5] For example, if the jury was not instructed on a natural and probable consequences or felony murder theory of liability, the petitioner could not demonstrate eligibility as a matter of law because relief is restricted to persons convicted under one of those two theories.  (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1138–1139, review granted Mar. 18, 2020, S260598 (*Lewis*) [appellate court opinion holding that jury convicted defendant of murder as a direct aider and abettor barred defendant from relief as a matter of law].)

evidence concerning the commission of the petitioner's offense, the trial court must appoint counsel and permit the filing of the submissions contemplated by section 1170.95. (*Id.* at p. 332; *Lewis, supra,* 43 Cal.App.5th at p. 1140.)

<u>Analysis</u>

In this case, the issue is whether there is anything in the record of conviction that would permit the trial court to determine that Smith does not fall within section 1170.95's provisions, such that it could deny his petition without appointing counsel. More specifically, the question is whether the trial court properly concluded *as a matter of law* that the record on appeal precludes Smith from showing that he was not a major participant in the robbery and did not act with reckless indifference to human life. We conclude the record provides no basis for such a determination.

*The Jury's Special Circumstance Finding Does Not Preclude Eligibility*

The People urge us to affirm the trial court's denial of Smith's petition on the basis of the jury's 1994 robbery murder special circumstance finding (§ 190.2, subd. (a)(17)), which we affirmed in 1996.

The jury's true finding was predicated on its determination that Smith was both a "major participant" in the robbery and acted with "reckless indifference to human

11

life." Under section 1170.95, the petitioner must make a prima facie showing that he "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(3).) The language of section 189, subdivision (e)(3), as amended by Senate Bill 1437, tracks the language of the special circumstance provision. Section 189, subdivision (e) now provides that "[a] participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [(in this case, robbery)] in which a death occurs is liable for murder only if one of the following is proven: [¶] . . . [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

The People's argument has facial appeal: the plain language of the requirements underlying the jury's robbery murder special circumstance finding in Smith's case (i.e. "major participant" and "reckless indifference to human life") is identical to the language setting forth the requirements for murder liability under amended section 189. A difficulty arises, however, because the jury's special circumstance finding was made prior to issuance of our Supreme Court's opinions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which construed the meanings of "major participant" and "reckless indifference to human life" "in a significantly different, and narrower manner than courts had previously." (*Torres*, *supra*, 46 Cal.App.5th at p. 1179.) As a consequence, the

factual issues that the jury was asked to resolve in 1994 are not the same factual issues our Supreme Court has since identified as controlling. It would be inappropriate to "treat[] [the 1994] findings as if they resolved key disputed facts" when the jury did not have the same questions before them. (*Id*. at p. 1180.) As we recently held, courts may not "defer to the jury's pre-*Banks* and *Clark* factual findings that [the petitioner] was a major participant who acted with reckless indifference to human life as those terms were interpreted at the time" when determining the petitioner's eligibility for resentencing as a matter of law, in light of the considerations identified in those two opinions. (*Id*. at p. 1179.)

The People acknowledge that our understanding of "major participant" and "reckless indifference to human life" have evolved with the issuance of *Banks* and *Clark*, but argue that, in the absence of a successful challenge to the special circumstance findings, the trial court "was obligated to assume the conviction was lawful and comported with the post-*Banks* guidelines." We disagree, as the People's contention is inconsistent with the language and operation of section 1170.95. Section 1170.95 provides that "[a] person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated . . . ." (§ 1170.95, subd. (a).) The statute only specifically references special circumstance findings in subdivision (d)(2), which states, "If there was a

13

prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner." There is no corresponding provision indicating that a jury's prior special circumstance true finding, or a court of appeal's affirmation thereof, operates as an automatic statutory bar to eligibility. The absence of such a provision makes sense. Determining whether a petitioner was a "major participant" who acted with "reckless indifference" as those terms are currently used in section 189 may require more than deference to a jury's special circumstance true finding— indeed, in cases like Smith's, where the finding was made before *Banks* and *Clark* were issued and not affirmed subsequent to those cases, it requires an analysis of the facts involved.[6]

Moreover, the potential remedies outlined in section 1170.95 indicate that the Legislature anticipated some special circumstance findings would not preclude eligibility as a matter of law, and that those findings would be inconsistent with vacatur of the corresponding murder conviction. Section 1170.95, subdivision (d)(3) provides, "If the prosecution fails to sustain its burden of proof, the prior

---

[6] We do not address whether a jury's post-*Banks* and *Clark* special circumstance true finding or a court's affirmance of a special circumstance finding following *Banks* and *Clark* may be dispositive as a matter of law, as neither question is before us in the present case.

conviction, and *any allegations* and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (Italics added.) The statute is clearly designed to resolve the question of whether a murder conviction—not a special circumstance—is sufficiently supported. If the conviction cannot stand, the special circumstance will necessarily be vacated as well.

In this case, the jury's special circumstance finding was affirmed in 1996, approximately two decades before *Banks* and *Clark* were decided. No court has affirmed the special circumstance finding post-*Banks* and *Clark*. We cannot affirm the trial court's ruling on this ground, as the People urge.

> *The Trial Court Erred in Summarily Denying the*
> *Petition Based on Its Evaluation of Facts Recited*
> *in the Record of Conviction*

Here, without appointing counsel to Smith or permitting counsel to make a filing, the trial court reviewed our 1996 appellate opinion and considered the facts as described in our discussion of the sufficiency of the evidence supporting the special circumstance. The trial court made a determination that those facts were sufficient to establish that Smith was a major participant in the underlying felony and acted with reckless indifference to human life. But that factual record is not the only consideration that the trial court must take into account for purposes of section 1170.95.

15

Where the record of conviction does not preclude a petitioner from making a prima facie showing that he falls within the statute's provisions as a matter of law, the petitioner is not confined to presenting evidence contained in the record of conviction in seeking relief. Section 1170.95 provides "the petitioner may rely on the record of conviction or offer new or additional evidence to meet [his] burden[]."[7] (§ 1170, subd. (d)(3).) It is conceivable that Smith may be able to provide evidence not presented at trial that would demonstrate either that he was not a major participant in the robbery or did not act with reckless indifference to human life. By ruling prior to the appointment of counsel, the trial court deprived Smith of the opportunity to develop, with the aid of counsel, a factual record beyond the record of conviction. Only after giving a petitioner the opportunity to file a reply, in which he may develop a factual record beyond the record of conviction, is a trial court in a position to evaluate whether there has been a prima facie showing of entitlement to relief.

We therefore cannot conduct our own assessment of the trial evidence to determine whether Smith was a major participant and acted with reckless indifference to human life, or to use that record evidence to inquire whether the deprivation of counsel was harmless error, as our colleagues in Division Two of the Fourth District did in *People v. Terrell*

---

[7] The prosecution is also permitted to rely on evidence outside the record of conviction to meet its burden. (§ 1170, subd. (d)(3).)

16

*Law* (Apr. 27, 2020, E072845) ___ Cal.App.5th ___ [2020 WL 2125716] (*Law*). The procedural posture in *Law* was similar to the instant case. The trial court denied Law's section 1170.95 petition prior to appointment of counsel on the basis of a robbery-murder special circumstance true finding made before our Supreme Court had issued its decisions in *Banks* and *Clark*. (*Law*, *supra*, ___ Cal.App.5th ___ [2020 WL 2125716, p. 1].) On appeal from the denial of Law's section 1170.95 petition, the appellate court held that the existence of a pre-*Banks* and *Clark* special circumstances finding alone did not preclude relief (a holding consistent with our ruling here). Rather than remand the case to the trial court for appointment of counsel, however, the *Law* court undertook its own analysis of the existing record facts to affirm the lower court's summary dismissal of the petition. With respect to appointment of counsel, the court held that, regardless of whether Law was entitled to counsel, any error was harmless, because counsel could not have obtained a more favorable result, "[g]iven the trial evidence." (*Law*, *supra*, ___ Cal.App.5th ___ [2020 WL 2125716, pp. 5, 7].)

We respectfully disagree with this reasoning. In enacting Senate Bill 1437, the Legislature provided that a petitioner may meet his or her burden by offering new or additional evidence. Therefore, we cannot say at this stage of the proceedings that failure to appoint counsel was harmless "given the trial evidence"; by the express terms of section 1170.95, subdivision (d)(3), counsel is not limited to the trial evidence.

17

Because neither of the trial court's reasons for denying Smith's petition is valid, and it does not appear that he is otherwise ineligible for relief as a matter of law as the People argue, we reverse and remand the matter to the trial court to appoint counsel and consider briefing.

## DISPOSITION

The trial court's order denying Smith's resentencing petition is reversed and the matter remanded for the trial court to appoint counsel and conduct further proceedings in accordance with the terms of section 1170.95.

MOOR, J.

We concur:

BAKER, Acting P. J.

KIM, J.

18